UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MAYRA CAROLINA ROJAS ROJAS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SAMUEL OLSON Field Office Director, Chicago ) <br> Field Office, Immigration and Customs ) <br> Enforcement, ) <br> KRISTI NOEM Secretary, U.S. Department of ) <br> Homeland Security, ) <br> PAMELA BONDI U.S. Attorney General, ) <br> TODD M. LYONS Acting Director of U.S. ) <br> Immigration and Customs Enforcement, ) <br> SCOTT A MAPLES JR. WARDEN OF THE ) <br> CLARK COUNTY JAIL, ) <br> ) <br> Respondents. ) | No. 4:26-cv-00042-TWP-KMB |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner Mayra Carolina Rojas Rojas petitions the Court for a writ of habeas corpus (Dkt. 1). Rojas, a Venezuelan citizen, is detained at the Clark County Jail at the direction of U.S. Immigration and Customs Enforcement ("ICE"). *Id*. at ¶¶ 15, 40. She petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id*. at 12. For the reasons explained in this Order, the petition is **granted** to the extent that no later than **March 10, 2026**, Respondents must either: (1) afford Ms. Rojas Rojas an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Ms. Rojas Rojas from custody, under reasonable conditions of supervision.

## I. BACKGROUND

Ms. Rojas Rojas has lived in the United States since September 11, 2023. Dkt. 1 ¶ 39. Two days later, she was served with an I-862 Notice to Appear. Dkt. 6-1 at 1. She was released on her own recognizance. *Id.* at 5. She has a pending asylum application and a valid work permit. Dkt. 1 ¶ 39. On February 4, 2026, Ms. Rojas Rojas reported to an ICE kiosk, where she was arrested. Dkt. 6-1 at 5. She was issued an I-200 Warrant of Arrest of Alien form at the time of her arrest. *Id.*

The Notice to Appear charges Ms. Rojas Rojas with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." *Id.* at 1. The "arriving alien" checkbox is unmarked. *Id.*

## II. DISCUSSION

Ms. Rojas Rojas claims that her current detention violates the Immigration and Nationality Act (INA) (Count I) and the Due Process Clause of the Fifth Amendment (Count II). Dkt. 1 ¶¶ 48–54. Respondents argue that Ms. Rojas Rojas is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A). Dkt. 6.

The Court finds that Ms. Rojas Rojas's detention is governed by § 1226(a) and that it is unlawful because she has not been afforded a bond hearing. Because Ms. Rojas Rojas is entitled to habeas corpus relief on these grounds, the Court does not address her constitutional argument.

### A. 8 U.S.C. §§ 1225 and 1226

At issue here are 8 U.S.C. § 1225 and § 1226. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which

involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

> Section 1226(a) provides:
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—
>
>> (1) may continue to detain the arrested alien; and
>>
>> (2) may release the alien on—
>>
>>> (A) bond . . . ; or
>>>
>>> (B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. 8 U.S.C. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### B. Ms. Rojas Rojas Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The record reflects that Ms. Rojas Rojas is eligible for a bond hearing under § 1226(a).

The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Ms. Rojas Rojas who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Mohammed v. Olson*, No. 1:25-CV-02404-TWP-MKK, 2025 WL 3541819, at *3–

5 (S.D. Ind. Dec. 10, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice.[1] *See, e.g., Alejandro*, 2025 WL 2896348, at *14–19.

The respondents here cite a smattering of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 6 at 9. The respondents offer no binding authority in the other direction, and the Court declines to depart from its previous reasoning.[2]

Accordingly, the Court concludes that Ms. Rojas Rojas is entitled to a bond hearing under § 1226, and it declines to reach his other arguments.

### III.     SCOPE OF RELIEF

Ms. Rojas Rojas is entitled to habeas relief because her continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Ms. Rojas Rojas requests immediate release from custody or, in the alternative, an individualized bond hearing. Dkt. 1 at 12. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.");

---

[1] The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply.

[2] Respondents also cite *Buenrostro-Mendez v. Bondi*, which the Fifth Circuit decided a few days after the Respondents filed their response brief in our case. Dkt. 6 at 13, n.1. *Buenrostro-Mendez* concludes that "seeking admission" is not limited to "arriving" noncitizens and therefore supports the respondents' position in this case. 166 F.4th 494, 502 (5th Cir. 2026). The Fifth Circuit's decision is not binding here, and in any event, we do not share the view explicated there. We instead defer to the Seventh Circuit's more persuasive rationale in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025).

*Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Ms. Rojas Rojas's immediate release and instead orders Respondents to provide her an individualized bond hearing as required by § 1226(a) and its regulations.

### IV. CONCLUSION

The Court **GRANTS** the Petition for Writ of Habeas Corpus to the extent that no later than **March 10, 2026**, Respondents must either: (1) provide Ms. Rojas Rojas with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Ms. Rojas Rojas from custody, under reasonable conditions of supervision.

No later than **March 13, 2026**, Respondents must file documentation certifying that they have provided Ms. Rojas Rojas with a bond hearing, including apprising the Court of the results of the hearing. If Respondents release Ms. Rojas Rojas, then they must file documentation certifying her release.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 3/3/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Linda L. Plata Palma
Seyfried Vicario, PC
lindap@seyfriedvicario.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov